# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONITA BARNES, individually, as next of kin of CYNTHIA KAY HORTON, deceased, | )<br>)<br>)<br>) |
| PLAINTIFF, | )    CIV-13-516-SPS |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| DEFENDANT. | ) |

## UNITED STATES OF AMERICA'S
## PROPOSED FINDINGS OF FACTS & CONCLUSIONS OF LAW

**COMES NOW** the defendant, United States of America by and through Mark F. Green, United States Attorney for the Eastern District of Oklahoma, and Susan Stidham Brandon, Assistant United States Attorney and submits the following as their proposed Findings of Facts and Conclusions of Law.

### I. FINDINGS OF FACTS

1. Ms. Horton was a 63-year-old female with a history of COPD, polycythemia vera, ulcers, superficial thrombophlebitis, thrombocytosis, gastroesophagael, reflux disease, hypothyroidism, osteoarthritis, and hiatal hernia.

2. Ms. Horton previously had a cholecystectomy (gall bladder removal), appendectomy, hysterectomy, colon resection with colostomy reversal, colonoscopy, breast biopsy, and unilateral oophorectomy.

3. Ms. Horton also had several endoscopic retrograde cholangiopancreatographies ("ERCP").

4. Ms. Horton visited the Chickasaw Nation Medical Center ("CNMC") emergency department on August 25, 2011.

5. The emergency room staff diagnosed her with a urinary tract infection and gave her a prescription of Cipro prior to her release.

6. Her urine samples were positive for Escherichia Coli (E. Coli) and CNMC called her back to the emergency room on August 28, 2011.

7. They prescribed Macrobid and discharged her with a referral to Dr. Augustin Shi.

8. On August 29, 2011, Dr. Shi admitted Ms. Horton into the CNMC hospital with a diagnosis of E. Coli.

9. Dr. Shi noted that Ms. Horton had a one-week history of fever, chills, myalgias, and urinary tract symptoms.

10. Dr. Shi determined that the Macrobid was not effective and prescribed Ms. Horton Primaxin.

11. Dr. Shi also started her intravenously on imipenem and cilastin (also antibiotics).

12. Dr. Shi stated during his August 30, 31, and September 1, 2013 rounds that Ms. Horton was feeling better.

13. Her blood and urine cultures remained positive for growing resistant E. Coli.

14. Dr. Shi planned to keep her on antibiotics.

15. Dr. Sally Berger assumed Ms. Horton's care on September 2, 2011 and found that she was improving.

16. On September 7, 2011, a renal ultrasound was performed to rule out renal stones.

17. No kidney stones were detected, but Ms. Horton did have an enlarged spleen.

18. A September 8, 2011 abdominal CT (computed tomography) scan showed air in the left lobe of her liver.

19. Dr. Berger obtained a surgical consult and based on the clinical evaluation determined the air was likely in the biliary tree and not signs and symptoms of an ischemic bowel.

20. Another CT on September 16, 2011 confirmed that.

21. Dr. Preston Hucks assumed Ms. Horton's care on September 9, 2011.

22. Over the next several days Ms. Horton felt better and her urine analysis was negative for bacteria.

23. She was discharged from CNMC on September 13, 2011.

24. At no time during her first stay did Ms. Horton have diarrhea or vomiting which are clinical signs of clostridium difficile colitis ("C. diff").

25. On discharge, Ms. Horton had a normal white blood count and no fever.

26. If someone is experiencing C. diff, it will be reflected by fever and a high white blood count.

27. Ms. Horton had no signs or symptoms of C. diff or ischemic bowel during her first stay at CNMC.

28. On September 15, 2011, Ms. Horton returned to the emergency room complaining that she had begun experiencing nausea, vomiting, and diarrhea on the evening of September 13, 2011, and she was admitted into the hospital.

29. Dr. Shi resumed her care and began treating her with various antibiotics for possible C. diff.

30. CNMC sent her stool to Lab-Corp in Dallas and her cultures were positive for C. diff and that was reported back a few days later.

31. CNMC did a CT scan on September 16, 2011, which showed a decrease in the air collections in the left lobe of the liver.

32. CNMC did not find any symptoms consistent with ischemic bowel as there was no bowel pneumotosis.

33. On September 17, 2011, Ms. Horton's white blood count went up to 34,100 with 24% bands and she developed some renal insufficiency.

34. CNMC increased her IV fluids.

35. On September 18, 2011, her renal insufficiency had gotten worse with her Creatinine going up to 2.7 and she still had a normal anion gap of 10.0.

36. Her white count had gone up to 39,100.

37. Dr. Hucks determined that Ms. Horton was getting worse and moved her to ICU to maximize fluids and treatment.

38. By September 19, 2011, she was not any better, and the physicians believed that she might need dialysis and surgery.

39. Because of her COPD the physicians believed surgery should be done in a facility with a pulmonologist.

40. Forty to Fifty percent of patients with C diff who can't recover with antibiotics and require surgery do not survive.

41. Antibiotics are always the treatment of choice for patients with C diff.

42. Dr. Hucks transferred Ms. Horton to Oklahoma City to Dr. Rankin at Integris Baptist Hospital, Oklahoma City to complete her care.

43. On September 20, 2011, Integris determined her colon to be infected, removed it, and inserted a colostomy.

44. Ms. Horton did not recover and her condition continued to deteriorate.

45. She died on September 26, 2011.

46. The coroner noted the cause of death as adult respiratory distress syndrome caused by severe clostridium difficile colitis.

## **CONCLUSIONS OF LAW**

1. In this case, the plaintiff failed to establish a prima facie case of negligence in that they failed to show the defendant failed to properly exercise or perform a duty or that plaintiff's injuries were proximately caused by defendant's care.

2. The plaintiff failed to present expert testimony showing that the standard of care was breached and that this breach resulted in injury to plaintiff.

3. The standard of care in Oklahoma requires those engaging in the practice of the healing arts to be measured by the national standard.

4. The standard of care in this case was met in all regards.

5. During her care and treatment at the CNMC, from 8/29/11 – 9/13/11 Ms. Horton did not exhibit signs and symptoms of C. diff or ischemic bowel.

6. Signs and symptoms of C. diff or ischemic bowel include an elevated temperature, high blood pressure and an elevated white blood count.

7. Ms. Horton had a normal temperature, blood pressure and white blood count when she was discharged from CNMC on 9/13/11.

8. Clinical signs and symptoms of C. diff and ischemic bowel are a distended abdomen, lack of bowel sounds, pain in the abdomen, nausea, vomiting and diarrhea.

9. Cynthia Horton did not exhibit any of those clinical signs or symptoms during her stay at CNMC from 8/29/11 – 9/13/11.

10. The first line of treatment for C. diff is antibiotics.

11. Cynthia Horton was properly treated with antibiotics when she returned to CNMC on 9/15/11.

12. Cynthia Horton was timely and appropriately transferred to Integris on 9/19/11.

13. All past, present and future medical costs incurred by plaintiff at both CNMC and Integris were paid by CNMC. As a result, plaintiff cannot recover those costs from defendant.

14. Plaintiff failed to prove that Cynthia Horton sustained injuries that resulted directly and proximately from the defendant's care.

The United States is not liable to plaintiff for damages in this matter. Judgment should be entered in favor of Defendant, United States of America.

    MARK F. GREEN
    United States Attorney

    s/Susan Stidham Brandon
    SUSAN STIDHAM BRANDON, O.B.A. 12501
    Assistant U.S. Attorney
    520 Denison Avenue
    Muskogee, OK 74401
    918-684-5112
    918-684-5130 - fax
    Susan.Brandon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2015, I electronically filed the foregoing the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant: Randall Sullivan, Attorney for Plaintiff, email: Randy@sullivanlawcenter.com.

    s/ Susan Stidham Brandon
    SUSAN STIDHAM BRANDON
    Assistant U.S. Attorney